UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                          CRIMINAL ACTION

BRIAN KEITH SCOTT (LA. DOC # 328025)     NUMBER 93-36-JVP-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, October 16, 2007.

*[signature: Stephen C. Riedlinger]*

    STEPHEN C. RIEDLINGER
    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL ACTION

BRIAN KEITH SCOTT (LA. DOC # 328025)      NUMBER 93-36-JVP-SCR

MAGISTRATE JUDGE'S REPORT

Brian Keith Scott, an inmate currently confined at Wade Correctional Center, Homer, Louisiana, mailed a letter to the Clerk of Court which was filed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

A review of the criminal record showed that Scott entered a guilty plea to four counts Making a False Statement to a Firearm Dealer in violation of 18 U.S.C. § 922(a)(6) in the United States District Court for the Middle District of Louisiana.  Scott was sentenced to serve a 37 month term of imprisonment on each count in the custody of the United States Bureau of Prisons, the sentences to be served concurrently.  Upon release from imprisonment, Scott was ordered to serve a three year term of supervised release. Judgment was imposed on November 5, 1993.  Scott did not appeal his convictions or sentences.

Scott violated the terms of his supervised release.  On January 13, 2004, Scott was sentenced to the custody of the Bureau

of Prisons for a term of 12 months. No term of supervised release thereafter was imposed. Approximately two weeks before completing the 12 month sentence, Scott was arrested on a state criminal charge. Scott was held in state custody, convicted on the charge, and is currently serving his state sentence in the custody of the Louisiana Department of Public Safety and Corrections. A detainer was issued by the Bureau of Prisons to have Scott returned to federal custody after completing his state sentence so he can complete the balance of his 12-month federal sentence.

In his letter, Scott inquired about the status of the federal detainer issued by the Bureau of Prisons and asked that a copy be sent to the state institution where he is confined. Because it is not clear that Scott intended to challenge his federal convictions or sentences, or the basis for such a challenge, he was ordered to resubmit his claims on approved habeas corpus forms, and to file the forms in Criminal Action 93-36-JVP-SCR, by September 28, 2007.

Scott was placed on notice that the failure to comply with the court's order would result in dismissal of the complaint without further notice. Scott did not comply with the court's order.

The court now concludes that Scott merely sought information regarding the status of the detainer issued by the Bureau of Prisons, and that his letter seeking that information was erroneously filed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

RECOMMENDATION

It is the recommendation of the magistrate judge that the court find the defendant's letter was erroneously filed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and that no further action by the court is required or needed.

Baton Rouge, Louisiana, October 16, 2007.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE